UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NFL PROPERTIES LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 21-CV-05522 |
| ) | Hon. Marvin E. Aspen |
| THE PARTNERSHIPS and ) | |
| UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED ON SCHEDULE "A," ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION & ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff NFL Properties LLC ("NFLP") names 228 defendants in this single case. (Complaint ("Compl.") (Dkt. No. 1) ¶ 2; Schedule A (Dkt. No. 2).) NFLP has two motions pending before us: (1) an *ex parte* motion for a temporary restraining order, including a temporary injunction, temporary transfer of domain names, temporary asset restraint, and expedited discovery; and (2) a motion for electronic service of process. (Dkt. Nos. 12, 19.) For the reasons set forth below, these motions are taken under advisement and NFLP is ordered to show cause, in writing, as to why the case should not be severed for misjoinder by November 9, 2021. Alternatively, NFLP may file an amended complaint by then if it can cure the joinder issues raised herein.

**BACKGROUND**

NFLP alleges that it "is the authorized representative" of the National Football League ("NFL") and its thirty-two member clubs "for the licensing and protection of their names, logos, symbols, and other identifying marks and indicia." (Compl. ¶ 5.) The NFL is an unincorporated

association consisting of member clubs, which own and operate professional football teams that compete against one another for the public's entertainment. (*Id.*) The Complaint contains a non-exhaustive list of the trademarks registered with the U.S. Patent and Trademark Office and owned by NFLP. (*Id.* ¶ 6.) NFLP alleges that Defendants operate e-commerce stores under aliases to sell counterfeit NFL products to customers in the United States, including in Illinois. (*Id.* ¶ 2.) On information and belief, NFLP "has not licensed or authorized Defendants to use any of the NFL Trademarks, and none of the Defendants are authorized retailers of Genuine NFL Products." (*Id.* ¶ 19.) NFLP also alleges on information and belief that "Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell Counterfeit NFL Products in the same transaction, occurrence, or series of transactions or occurrences." (*Id.* ¶ 26.)

## ANALYSIS

Before considering NFLP's pending motions, we *sua sponte*[1] address the issue of joinder. NFLP bears the burden of demonstrating that joinder is appropriate under Rule 20(a)(2). *See H-D U.S.A., LLC v. The P'ships & Unincorporated Ass'ns*, No. 21-CV-01041, 2021 WL 780486, at *1 (N.D. Ill. Mar. 1, 2021); *see also Estée Lauder*, 334 F.R.D. at 185. "'In assessing whether the requirements of Rule 20(a)(2) are met, courts must accept the factual allegations in a plaintiff's complaint as true.'" *Estée Lauder*, 334 F.R.D. at 185 (quoting *Desai v. ADT Sec. Servs., Inc.*, No. 11 C 1925, 2011 WL 2837435, at *3 (N.D. Ill. July 18, 2011)). But courts are not required

---

[1] "[I]t is appropriate for federal courts to raise improper joinder on their own, especially when the sheer number of defendants waves a joinder red flag and ups the chances that the plaintiff should be paying separate filing fees for separate cases." *Estée Lauder Cosmetics Ltd. v. The P'ships & Unincorporated Ass'ns Identified on Schedule A*, 334 F.R.D. 182, 186 (N.D. Ill. 2020) (Chang, J.) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (observing that the district court should have questioned joinder on its own in a 24-defendant case)).

to accept conclusory or speculative statements that do not qualify as assertions of fact. *H-D U.S.A.*, 2021 WL 780486, at *1; *see also Estée Lauder*, 334 F.R.D. at 185.

Under Rule 20(a)(2), defendants may only be joined in a single action if: (1) the claims against them are asserted "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2)(A)–(B). When determining "whether the rights asserted arise out of the same transaction or occurrence, courts should 'consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds.'" *Estée Lauder*, 334 F.R.D. at 185 (quoting *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007)).

Courts generally find that claims against different defendants arise out of the same transaction or occurrence only when there is a "logical relationship between the separate causes of action." *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012); *In re Price*, 42 F.3d 1068, 1073 (7th Cir. 1994) (discussing the "same transaction or occurrence" requirement in the context of Rule 13); *Estée Lauder*, 334 F.R.D. at 185. "Claims have a logical relationship when there is a 'substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant.'" *Estée Lauder*, 334 F.R.D. at 185 (quoting *In re EMC Corp.*, 677 F.3d at 1358).

When a court finds that joinder is not authorized by the Federal Rules of Civil Procedure, it may sever parties on its own or order the plaintiff to cure the deficiency. *H-D U.S.A.*, 2021 WL 780486, at *2; *Estée Lauder*, 334 F.R.D. at 186. The Seventh Circuit has recognized that district courts have broad discretion to remedy misjoinder, so long as they avoid unnecessary harm to the parties. *Estée Lauder*, 334 F.R.D. at 186.

Courts in this District have held that plaintiffs cannot satisfy Rule 20's requirements by merely alleging that multiple defendants have infringed the same patent or trademark. *See, e.g.*, *Estée Lauder*, 334 F.R.D. at 187; *Slep-Tone Ent. Corp. v. Roberto*, No. 12-cv-5750, 2013 WL 5748896, at *2–3 (N.D. Ill. Oct. 22, 2013); *ThermaPure, Inc. v. Temp-Air, Inc.*, No. 10-cv-4724, 2010 WL 5419090, at *4 (N.D. Ill. Dec. 22, 2010); *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, No. 10 C 1101, 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010); *SB Designs v. Reebok Int'l, Ltd.*, 305 F. Supp. 2d 888, 892 (N.D. Ill. 2004). The reason for this is that one defendant's alleged infringement does not necessarily arise "out of the same transaction, occurrence, or series of transactions of occurrences" as another defendant's unrelated infringement. *See* Fed. R. Civ. P. 20(a)(2)(A). When defendants are not connected to each other, there is no evidentiary overlap in proving liability for the alleged infringement. *H-D U.S.A.*, 2021 WL 780486, at *2; *Estée Lauder*, 334 F.R.D. at 187. From the defense perspective, there are no defenses that depend on an unrelated codefendant. *H-D U.S.A.*, 2021 WL 780486, at *2; *Estée Lauder*, 334 F.R.D. at 187.

NFLP's allegations in support of joinder are nearly identical to the allegations in support of joinder in *H-D U.S.A.* Here, as in *H-D U.S.A.*, the Complaint contains the conclusory statement that Defendants are "working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell" counterfeit products "in the same transaction, occurrence, or series of transactions or occurrences." (*Compare* Compl. ¶ 26, *with H-D U.S.A.*, 2021 WL 780486, at *2.) In support of this conclusion, NFLP's Complaint contains another conclusory statement, again nearly identical to a statement in H-D U.S.A.'s complaint, that Defendants have "notable common features, such as use of the same registration patterns, accepted payment methods, check-out methods, keywords, advertising tactics, similarities in

4

price and quantities, the same incorrect grammar and misspellings, and/or the use of the same text and images." (*Compare* Compl. ¶ 23, *with H-D U.S.A.*, 2021 WL 780486, at *2 (adding "illegitimate search engine optimization (SEO)" to this list of common features).) For the reasons provided in *H-D U.S.A.*, these conclusory allegations are insufficient to support joinder. *See H-D U.S.A.*, 2021 WL 780486, at *1–3.

NFLP has not alleged sufficient similarity among Defendants either. For example, NFLP does not allege that every Defendant used and sold the same trademarked images. (*See, e.g.,* Compl. ¶ 3 (alleging that NFLP brought the instant action "to combat e-commerce store operators who trade upon [NFLP's] reputation and goodwill by offering for sale and/or selling unauthorized and unlicensed products using infringing and counterfeit versions of *one or more* of the trademarks owned by [NFLP]") (emphasis added).) And even if there is some overlap between the trademarks used by each Defendant, NFLP would have to allege more to support joinder. *See H-D U.S.A.*, 2021 WL 780486, at *3; *Rudd v. Lux Prods. Corp.*, No. 09-cv-6957, 2011 WL 148052, at *3 (N.D. Ill. Jan. 12, 2011) ("Simply alleging that Defendants manufacture or sell similar products does not support joinder under Rule 20."). Because NFLP has not done so, we cannot conclude that joinder of all 228 Defendants is appropriate in this case.

Moreover, joinder would not promote judicial economy and would potentially yield significant financial benefits to NFLP at the judicial system's expense. As discussed more fully in *H-D U.S.A.*, cases naming numerous unrelated defendants are burdensome on the courts. *See H-D U.S.A.*, 2021 WL 780486, at *3 (citing *Estée Lauder*, 334 F.R.D. at 189–90 and *Purzel Video GMBH v. Does 1-91*, Case No. 4:12-cv-02292, 2013 WL 4775919, at *2 (E.D. Mo. Sept. 6, 2013).) By suing 228 defendants in a single suit rather than in as many as 228 separate suits, NFLP may save more than $90,000 in filing fees. *See* Northern District of Illinois's Fee

5

Schedule ("Civil Filing Fee $ 402.00"); *see also Patent Holder Identified in Exhibit 1 v. Does 1-254*, No. 21 C 514, 2021 WL 410661, at *3 (N.D. Ill. Feb. 6, 2021) ("[B]y suing 254 defendants in a single suit rather than 254 separate ones, the plaintiff will save, in one fell swoop, over $100,000 in filing fees.").

## CONCLUSION

For the reasons set forth above, NFLP's *ex parte* motion for a temporary restraining order, including a temporary injunction, temporary transfer of domain names, temporary asset restraint, and expedited discovery (Dkt. No. 12) and NFLP's motion for electronic service of process (Dkt. No. 19) are taken under advisement. NFLP is ordered to show cause, in writing, as to why the case should not be severed for misjoinder by November 9, 2021. Alternatively, NFLP may file an amended complaint by then if it can cure the joinder issues raised herein. It is so ordered.

                                                  Honorable Marvin E. Aspen
                                                  United States District Judge

Dated: October 26, 2021