IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NFL PROPERTIES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>WHOLESALENFLJERSEYS.US.ORG and THE INDIVIDUALS AND ENTITIES OPERATING WHOLESALENFLJERSEYS.US.ORG,<br><br>    Defendants. | Case No. 21-cv-05522<br><br>**Judge Marvin E. Aspen**<br><br>**Magistrate Judge Sunil R. Harjani** |

**FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff NFL Properties LLC ("NFLP" or "Plaintiff") against the fully interactive, e-commerce stores[1] operating under the seller aliases identified in Schedule A to the Amended Complaint and attached hereto (collectively, the "Seller Aliases"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified on Schedule A attached hereto (collectively, the "Defaulting Defendants");

This Court having entered upon a showing by Plaintiff, a temporary restraining order and preliminary injunction against Defaulting Defendants which included a domain name transfer order and asset restraining order;

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the

---

[1] The e-commerce store urls are listed on Schedule A hereto under the Domain Names.

pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendants having failed to answer the Amended Complaint or otherwise plead, and the time for answering the Amended Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants since Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademarks (the "NFL Trademarks") to residents of Illinois. A list of NFL Trademarks is included in the chart below.

| **Registration Number** | **Trademark** | **Goods and Services** |
|---|---|---|
| 1,076,139 | NATIONAL FOOTBALL LEAGUE | For: promoting the interests of member football clubs, scheduling games, and promoting interest in football in class 041. |
| 2,919,270 | NFL | For: toys and sporting goods, namely, plush toys, stuffed animals, play figures, golf balls, golf bags, golf clubs, golf club covers, bowling balls, bowling bags, footballs, toy banks, hand held unit for playing electronic games; hand held unit for playing video games; board games relating to football, checker sets, chess sets, dominoes, Christmas tree ornaments, balloons, jigsaw puzzles, windsocks, kites, toy trucks, football shoulder pads, elbow, hand and knee pads, all for athletic use; billiard game playing equipment, exercise equipment, namely, chest protectors for sports, dart boards and dart board cases, volleyball equipment, namely, volleyballs fishing equipment, namely, fishing lures and fishing rods, handle grips for sporting equipment, athletic equipment, |

| | | |
|---|---|---|
| | | namely, personal floor mats, mouth guards, athletic sports wraps and athletic tape, snow sleds for recreation use, swim boards for recreation use, toy vehicles, toy model train sets, yo-yos in class 028. |
| 3,394,343 | NFL | For: Football helmets, cell phone covers, magnetic coded charge cards, decorative magnets, prerecorded DVDs featuring the sport of football, computer game software and disks, computer mouse pads, sunglasses in class 009.<br><br>For: Jewelry, pins, bracelets, charms, rings, collectible coins, commemorative coins, coins of precious metal, pendants and key chains made of precious metal in class 014.<br><br>For: Posters, calendars, trading cards, series of books relating to football, notepads, stickers, printed tickets to sports games and events; note paper, pictorial prints, picture postcards, art pictures, paper gift bags, paper decorations; collectible cards; collectible card and memorabilia holders; souvenir programs for sports events in class 016.<br><br>For: Men's, women's and children's clothing, namely, fleece tops and bottoms, headwear, caps, knit hats, t-shirts, shirts, turtlenecks, sweatshirts, shorts, tank tops, pants, jackets, golf shirts, knit shirts, jerseys, gloves, ties, cloth bibs; night shirts and pajamas; underwear, socks; towels in class 025.<br><br>For: Television broadcasting services; television transmission services; cable television broadcasting; radio broadcasting; broadcasting programming on the Internet; information transmission via electronic communications networks; transmission of information through video communication systems; communication services, namely, audio and video broadcasting; broadcasting services and provision of telecommunication access to video and audio content provided via a video on demand; streaming of audio material on the Internet; streaming of video material and podcasts on the Internet; |

| | | |
|---|---|---|
| | | electronic delivery of images and photos via a global computer network; providing multiple-user access to a global computer information network for the purpose of participating in interactive polling in the field of football; wireless communications services, namely, transmission of text, graphics, data, and entertainment information to mobile phones; mobile media and entertainment services in the nature of electronic transmission of entertainment media content in class 038.<br><br>For: Education and entertainment services in the nature of professional football games and exhibitions; providing sports and entertainment information via a global computer network or a commercial on-line computer service or by cable, satellite, television and radio; arranging and conducting athletic competitions, namely, professional football games and exhibitions; football fan club services; entertainment services, namely, musical and dance performances provided during intervals at sports events; educational services, namely, physical education programs; production of radio and television programs; live shows featuring football games, exhibitions, competitions, and musical and dance performances; sporting and cultural activities; distribution of television programming to cable and satellite television systems; distribution of television programs for others in class 041. |
| 3,581,281 | NFL shield logo | For: Football helmets, cell phone covers, magnetic coded charge cards, decorative magnets, prerecorded compact discs, and DVDs featuring the sport of football, computer game software and disks, computer mouse pads, sunglasses, eyeglass cases, and CD storage cases in class 009.<br><br>For: Jewelry, clocks, pins, bracelets, necklaces, charms, rings, collectible coins, commemorative coins, non-monetary coins of precious metal, pendants and key chains made of precious metal in class 014.<br><br>For: Posters, calendars, trading cards, a series of books in the field of football, magazines in the |

| | | |
|---|---|---|
| | | field of football, notepads, stickers, bumper stickers, and greeting cards; printed tickets to sports games and events; note paper, pictorial prints, picture postcards, art pictures, stationery, stationery-type portfolios, wrapping paper, paper table cloths, paper napkins, paper gift bags, paper party decorations; printed collectible cards; collectible card and memorabilia holders; souvenir programs for sports events in class 016.<br><br>For: Towels in class 024.<br><br>For: Clothing, namely, fleece tops and bottoms, headwear, caps, knit hats, t-shirts, shirts, turtlenecks, sweatshirts, shorts, tank tops, sweaters, pants, jackets, golf shirts, knit shirts, jerseys, wristbands, warm up suits, gloves, ties, cloth bibs; sleepwear, namely, bathrobes, and pajamas; underwear, socks; footwear; sneakers in class 025.<br><br>For: Toys and sporting goods, namely, plush toys, stuffed animals, play figures, golf balls, golf bags, golf club covers, footballs, toy banks, board games relating to football, playing cards, Christmas tree ornaments, balloons, jigsaw puzzles, toy, toy cars and trucks, billiard balls, dart boards, playing cards, miniature helmets in class 028.<br><br>For: Association services, namely, promoting the interests of professional football clubs; promoting the interests of member football clubs; scheduling games for member teams; promoting public interest in football; association services, namely, providing a forum for member football clubs to showcase, display, demonstrate and promote ideas, products, and services in connection with football; promotion of sporting and cultural activities in class 035.<br><br>For Education and entertainment services in the nature of professional football games and exhibitions; providing sports and entertainment information via a global computer network or a commercial on-line computer service, or by cable, satellite, television or radio; arranging and |

5

| | | |
|---|---|---|
| | | conducting athletic competitions, namely, professional football games and exhibitions; football fan club services, namely, personal appearances by a costumed mascot for professional football teams; entertainment services, namely, live musical and dance performances provided during intervals at sports events; educational services, namely, conducting physical education programs; production of radio and television programs; presentation of live shows featuring football games, exhibitions, competitions, and musical and dance performances; organization of sporting and cultural activities; entertainment services, namely, an on-going series featuring football provided through cable television, satellite television, and television and radio broadcasts in class 041. |
| 3,286,411 | NFL shield logo | For: Luggage, shoulder bags, beach bags, duffle bags, all purpose sports bags, sports equipment bags, school bags, tote bags, knapsacks, rucksacks, wallets, umbrellas, waist packs, leather key fobs, luggage tags in class 018.<br><br>For: Textile goods, namely, cloth flags, curtains, quilts, towels, sheets, pillowcases, comforters, blankets, pillow shams, textile fabric for the manufacture of clothing, oven mitts, shower curtains, pot holders, textile wall hangings, fabric throws in class 024.<br><br>For: Marketing services, namely, promoting the goods and services of others by arranging for sponsors to affiliate their goods and services with various football personalities and/or the sport of football; dissemination of advertising for others via an on-line electronic communications network; promoting the sale of credit card accounts through the administration of incentive award programs; direct mail advertising for others in class 035. |

| | | |
|---|---|---|
| 3,661,464 | NFL logo | For: Handbags, luggage, shoulder bags, beach bags, duffle bags, clutch bags, all purpose sport bags, bags for sports, school bags, tote bags, knapsacks, wallets, travel bags, backpacks, umbrellas and luggage tags in class 018. |
| 2,954,420 | SUPER BOWL | For: men's, women's and children's clothing, namely, fleece tops and bottoms, caps, headwear, T-shirts, sweatshirts, shorts, tank tops, sweaters, pants, jackets, turtlenecks, golf shirts, knit shirts, jerseys, wind resistant jackets, cloth bibs, sleepwear, namely, night shirts and pajamas, knit hats and caps, and scarves in class 025. |
| 3,138,590 | SUPER BOWL | For: Football helmets, cell phone covers, decorative magnets, prerecorded DVDs all featuring the sport of football, computer mouse pads in class 009.<br><br>For: Jewelry, watches, clocks, pins, earrings, necklaces, bracelets, belt buckles made primarily of precious metals, charms, money clips made primarily of precious metals, rings, collectible coins, commemorative coins in class 014.<br><br>For: Posters, trading cards, series of books relating to football, magazines relating to football, notepads, stickers, bumper stickers, printed tickets to sports games and events; pens note paper, pictorial prints, art pictures, paper table cloths, paper party invitations, paper decorations, collectible cards; collectible card and memorabilia holders, souvenir programs for sports events in class 016.<br><br>For: Toys and sporting goods, namely, plush toys, stuffed animals, play figures, golf balls, footballs, Christmas tree ornaments, balloons, jigsaw puzzles, miniature helmets in class 028. |

7

| 2,941,347 | | For: men's, women's and children's clothing, namely, fleece tops, caps, headwear, T-shirts, sweatshirts, jackets, jerseys, wind resistant jackets, knit hats and caps in class 025. |
|---|---|---|
| 3,138,589 | | For: Football helmets, decorative magnets, and DVDs featuring the sport of football, computer game software in class 009. For: Jewelry, pins, collectible coins, commemorative coins in class 014. For: trading cards, series of books relating to football, collectible cards; collectible card and memorabilia holders, souvenir programs for sports events in class 016. For: footballs, Christmas tree ornaments in class 028. |

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114) and false designation of origin (15 U.S.C. § 1125(a)).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:
   a. using NFL Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising,

      offering for sale, or sale of any product that is not Plaintiff's genuine product or not authorized by Plaintiff to be sold in connection with NFL Trademarks;

    b. passing off, inducing, or enabling others to sell or pass off any product as Plaintiff's genuine product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under NFL Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. further infringing NFL Trademarks and damaging Plaintiff's goodwill; and

    e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the NFL Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. The domain name registries for the Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, within ten (10) business days of receipt of this Order, shall, at Plaintiff's choosing:

    a. transfer the Domain Names to Plaintiff's control, including unlocking and changing the registrar of record for the Domain Names to a registrar of Plaintiff's selection; or

    b. disable the Domain Names and make them inactive and untransferable.

3. The domain name registrars, including, but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"), Name.com, PDR LTD. d/b/a PublicDomainRegistry.com ("PDR"),

and Namecheap Inc. ("Namecheap"), within ten (10) business days of receipt of this Order, shall take any steps necessary to transfer the Domain Names to a registrar account of Plaintiff's selection.

4. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of Defaulting Defendants' Domain Names including, without limitation, any online marketplace platforms such as eBay Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc. ("Amazon"), ContextLogic Inc. d/b/a Wish.com ("Wish.com"), and Dhgate, (collectively, the "Third Party Providers") shall, within ten (10) business days of receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the NFL Trademarks.

5. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of five hundred thousand dollars ($500,000) for willful use of counterfeit NFL Trademarks on products sold through at least the Seller Aliases. The five hundred thousand dollar ($500,000) award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in Schedule A.

6. Plaintiff may serve this Order on Third Party Providers, including PayPal, Inc. ("PayPal"), eBay, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Wish.com, and Amazon Pay, by e-mail delivery to the e-mail addresses Plaintiff used to serve the Temporary Restraining Order on the Third Party Providers.

7. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within ten (10) business days of receipt of this Order, permanently restrain and enjoin any financial accounts connected to Defaulting Defendants' Seller Aliases and Domain Names from transferring or disposing of any funds, up to the above identified statutory damages award, or other of Defaulting Defendants' assets.

8. All monies, up to the above identified statutory damages award, in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within ten (10) business days of receipt of this Order.

9. Until Plaintiff have recovered full payment of monies owed to them by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on Third Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, Third Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within ten (10) business days:

    a. locate all accounts and funds connected to Defaulting Defendants' Seller Aliases and Domain Names, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibits 1

11

    and 2 to the Declaration of Lindsay Conn, and any e-mail addresses provided for Defaulting Defendants by third parties;

    b. restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

    c. release all monies, up to the above identified statutory damages award, restrained in Defaulting Defendants' financial accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

10. In the event that Plaintiff identifies any additional online marketplace accounts, domain names or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibits 1 and 2 to the Declaration of Lindsay Conn and any e-mail addresses provided for Defaulting Defendants by third parties.

11. The one thousand dollar ($1,000) cash bond posted by Plaintiff, including any interest minus the registry fee, is hereby released to Plaintiff or its counsel, Greer, Burns & Crain, Ltd. The Clerk of the Court is directed to return the cash bond previously deposited with the Clerk of the Court to Plaintiff or its counsel by check made out to the Greer Burns & Crain IOLTA account.

This is a Final Judgment.

DATED: December 21, 2021

                                                           _____
                                                           Marvin E. Aspen
                                                           United States District Judge

**NFL Properties LLC v. wholesalenfljerseys.us.org and The Individuals and Entities Operating wholesalenfljerseys.us.org - Case No. 21-cv-5522**

**Schedule A**

| Defendant Domain Names | |
|---|---|
| No | URL | Name / Seller Alias |
| 1 | wholesalenfljerseys.us.org | wholesalenfljerseys.us.org |